IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL PITTMAN : CIVIL ACTION
:
v. :
:
JAMES B. MARTIN, ESQ., et al. : NO. 13-5632

MEMORANDUM

SLOMSKY, J. OCTOBER 24th, 2013

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the District Attorney and the District Attorney's Office in Lehigh County, Pennsylvania, the Lehigh County Public Defender's Office, Lehigh County, the Lehigh County Court of Common Pleas, two Assistant District Attorneys, four defense attorneys, two Judges of the Lehigh County Court of Common Pleas, and a Judge of the United States District Court for the Eastern District of Pennsylvania. He is alleging that he has been unlawfully imprisoned because the criminal information against him was illegally amended.

For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e).

Judges have absolute immunity from civil rights actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Lawrence Brenner, Judge James T. Anthony or Judge Michael M. Baylson were acting outside of their judicial capacity in connection with plaintiff's criminal case and habeas corpus case. Therefore, the claims against Judge Brenner, Judge Anthony and Judge Baylson will be dismissed.

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. Plaintiff's claims against the Lehigh County District Attorney's Office, District Attorney James B. Martin, and Assistant District Attorneys Douglas Reichley and Steven Luksa will be dismissed because there is nothing in the complaint to suggest that they acted outside of the scope of their prosecutorial duties in connection with plaintiff's criminal case.

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, the Lehigh County Public Defender's Office, Attorney Robert Long, Attorney Craig B. Neely, Attorney Albert V.F. Nelthropp, and Attorney Charles Banta, may not be sued in this action, and plaintiff's claims against them must be dismissed. Although plaintiff alleges that these defendants were involved in a conspiracy with the other defendants, these bald assertions are insufficient to support a conspiracy based claim against these defendants in this action. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)

(conspiracy claims may be dismissed as legally frivolous where claims are not based on fact, but rather on plaintiff's suspicion and speculation).

The Lehigh County Court of Common Pleas, as a state entity, is entitled to Eleventh Amendment immunity. See Benn v. First Judicial Dist. Of Pa., 426 F.3d 233 (3d Cir. 2005). Therefore, the claims against this defendant will also be dismissed.

Finally, plaintiff is alleging that he is being wrongfully imprisoned "pursuant to a null, void and non-existent judgment of conviction and sentence." However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid. However, he does not state that his conviction has been reversed or otherwise invalidated.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend

because amendment would be futile, as he cannot cure the above deficiencies in his complaint.

because amendment would be futile, as he cannot cure the above deficiencies in his complaint.